UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARTIUS LYRONE MONTGOMERY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | MISC. ACTION NO. 7:18-MC-988 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**

Petitioner Cartius Lyrone Montgomery, a state prisoner proceeding pro se, attempted to initiate a federal habeas corpus action pursuant to 28 U.S.C. § 2254. (*See* Docket No. 1-1.) Petitioner is serving a ten-year sentence concurrently with three other criminal judgments. Pending is his most recent (third) Application to Proceed In Forma Pauperis. (Docket No. 6.) Petitioner seeks in forma pauperis (IFP) status in order to proceed with his § 2254 action without paying the required $5 filing fee. As discussed below, because Petitioner's inmate account statement shows that he is able to pay the $5 filing fee, the undersigned recommends that his IFP application be denied.

**I. BACKGROUND**

According to the procedural history provided by Petitioner (Docket No. 1-1), on October 18, 2017, he pleaded guilty in the 216th District Court of Kerr County, Texas, to four separate felonies. Three of the felonies involve the possession of a controlled substance (heroin and methamphetamine) and the fourth involves tampering with evidence. Petitioner was sentenced to a prison term of ten years, six years, and two two-year sentences, all of which are to be served

concurrently. He apparently appealed his case to the Texas Court of Criminal Appeals, but his conviction was affirmed in April of 2018.

The next month, in May of 2018, Petitioner filed a federal IFP application, along with his proposed § 2254 habeas petition. (Docket No. 1.) Petitioner represented in his IFP application (under the penalty of perjury) that he had no assets or money. Because his application lacked a copy of his inmate trust account for the preceding six months (as required by 28 U.S.C. § 1915(a)(2)), the undersigned issued an order directing Petitioner to either pay the required $5 filing fee or supplement his IFP application with a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action. (Docket No. 2.) Petitioner was also advised that in order to qualify for IFP status he must be "unable" to pay the $5 filing fee. (*Id*. (citing 28 U.S.C. 1915(a)(1)).)

Petitioner complied with the order by submitting his second IFP application, along with a certified copy of the six-month statement for his inmate trust fund account. (Docket Nos. 3, 4.) However, his inmate trust fund account showed that in the previous six months, Petitioner had received $55 from friends and family. (Docket No. 4.) As such, the undersigned again directed Petitioner to either pay the minimal filing fee or to submit any additional information showing his inability to pay. (Docket No. 5.)

Petitioner responded by filing the pending third IFP application. (Docket No. 6.) Here again, it is clear from the statement showing Petitioner's funds in his inmate trust account over the past six months that he has access to sufficient funds to pay the $5 filing fee. Specifically, the first certified statement of his inmate trust fund account for the six-month period preceding the filing of this action reflected that he received $55 from friends and family. (*See* Docket No. 4, at 1.) Petitioner then filed an updated certified statement of his inmate trust fund account that

reflects that in the preceding six months he had received $65 from friends and family. (Docket Nos. 6, 7.)

## II. ANALYSIS

Federal law requires the Clerk to collect a $5 filing fee for a writ of habeas corpus filed in federal court. 28 U.S.C. § 1914(a). Petitioner seeks to proceed without payment of the filing fee pursuant to 28 U.S.C. § 1915. Section 1915 permits a court to excuse payment of filing fees where the person is unable to pay such fees as shown by an affidavit disclosing all of his assets and, in the case of a prisoner, a certified copy of his inmate trust fund account statement for the six-month period preceding the filing of the action. *See* 28 U.S.C. § 1915(a)(1), (2).

Petitioner has complied with § 1915 to the extent that he has submitted documentation detailing his assets. In his IFP application, Petitioner answered "no" to the following question: "Do you own cash, or do you have money in a checking or savings account, ***including any funds in prison accounts***?" (Docket No. 6, at 1 (emphasis added).) This response appears to be false. Petitioner's six-month inmate trust account statement shows that he receives regular deposits to his account. (Docket Nos. 4, 7.) As noted, during each of the six months reflected by the statements, Petitioner had deposits totaling $55 and $65, respectively. (*Id*.) It is clear from this that—contrary to Petitioner's sworn statement in his IFP application—he is able to pay the $5 filing fee for this action.

Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Here, the District Court might be justified in dismissing Petitioner's habeas action with prejudice in light of his apparent attempt to deceive the Court in his IFP application. However, in light of Petitioner's lengthy sentence in his state criminal case and in the interest of justice, it is

recommended that Petitioner's IFP application be denied without prejudice and that he be given an additional thirty (30) days with which to pay the $5 filing fee.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Petitioner's Application to Proceed In Forma Pauperis (Docket No. 6) be DENIED. It is further recommended that Petitioner be given an additional thirty (30) days to pay the required $5 filing fee.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on July 16, 2020.

                                                        Peter E. Ormsby
                                       United States Magistrate Judge